IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHARLES W. SWAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 16-cv-3252 |
| | ) |
| ROBERT K. FAIR and CHRIS | ) |
| S. BARE, | ) |
| | ) |
| Defendants. | ) |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on the Motion to Dismiss (d/e 12) filed by Defendant Chris S. Bare. Because Plaintiff's claims are barred by the statute of limitations, this case is dismissed with prejudice.

I. BACKGROUND

On September 14, 2016, Plaintiff Charles W. Swan filed a pro se Civil Rights Complaint against Defendants Robert K. Fair, the Sheriff of Cass County, Illinois, and Chris S. Bare, a City of Beardstown police officer.

Plaintiff alleges that, on July 2, 2011, he was arrested and transported to the Beardstown Police Department. While in Officer Bare's custody, Plaintiff was injured and taken to the Rushville hospital for emergency treatment. Plaintiff does not explain how he was injured, but he alleges that Officer Bare caused Plaintiff great bodily harm and lied about it. Compl. at 2, ¶ C. Plaintiff also asserts that Officer Bare engaged in official misconduct, excessive force, fraud, and evidence tampering. Id.

On July 18, 2011, while still in custody, Cass County Sheriff Fair transferred Plaintiff to the Cass County Health Clinic. Plaintiff alleges that the attending physician ordered a referral for neurology and an orthopedic surgeon to evaluate and treat Plaintiff for the injury that occurred on July 2, 2011. Sheriff Fair did not schedule the appointments despite Plaintiff's repeated requests for medical treatment.

Plaintiff further alleges that both Defendants failed to provide Plaintiff with necessary medical care and conspired to violate one or more of Plaintiff's civil rights. Plaintiff claims that both Defendants failed in their responsibility under state law for "duty of care." Compl. at 6, ¶ 5 (citing 745 ILCS 10/1-101.1 (providing that any

defense or immunity available to any private person is also available to local public entities and public employees)).  Plaintiff seeks $1 million in compensatory damages, as well as punitive damages.

A court may take judicial notice of documents in the public record when ruling on a motion to dismiss under Rule 12(b)(6). Olson v. Champaign Cnty., Ill., 784 F.3d 1093, 1096 n.1 (7th Cir. 2015).  A search of the Cass County Circuit Clerk's records available online (www. judici.com) shows that Plaintiff pleaded guilty on September 1, 2011 to aggravated driving under the influence and aggravated battery in Cass County Case Nos. 2011-CF-51 and 2011-CF-52.  That same day, Plaintiff was sentenced to a total of three years in the Illinois Department of Corrections and two years of mandatory supervised release, with credit for time served of 62 days.

On September 20, 2016, United States Magistrate Judge Tom Schanzle-Haskins granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and directed the Clerk to send notice of lawsuit waiver of service forms to the Defendants. See 28 U.S.C. § 1915.  Both Defendants have executed waivers of service.  See d/e 7, 9.

On November 29, 2016, Officer Bare filed a Motion to Dismiss, asserting that Plaintiff's claims are barred by the statute of limitations. Plaintiff has not filed a response, despite the Court giving Plaintiff notice on December 1, 2016 that failure to respond may result in the motion being granted and the case terminated (d/e 14). See also December 6, 2016 Text Order (advising Plaintiff that a response to the motion was due on or before December 16, 2016). Plaintiff filed various exhibits on November 14, 2016 (d/e 11) and December 1, 2016 (d/e 15), which consist of medical records, documents Plaintiff filed in a case against Sheriff Fair in the Cass County circuit court in 2012, and what appear to be handwritten interview notes.

## II. JURISDICTION

This Court has subject matter jurisdiction because Plaintiff brings a claim based on 42 U.S.C. § 1983, a federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. Venue is proper because a substantial part of the events or omissions giving

rise to Plaintiff's claims occurred in this district. 28 U.S.C. § 1391(b)(2).

### III. LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). Plausibility means the plaintiff has alleged facts that allow the court to reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

Generally, the running of the statute of limitations is an affirmative defense. Chi. Bldg. Design, P.C. v. Mongolian House, Inc., 770 F.3d 610, 613 (7th Cir. 2014). "[C]omplaints do not have to anticipate affirmative defenses to survive a motion to dismiss." United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005);

Hollander v. Brown, 457 F.3d 688, 691 n.1 (2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense").  Dismissal under Rule 12(b)(6) is appropriate, however, when the complaint contains sufficient facts to establish that the action is barred by the applicable statute of limitations.  Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 847 (7th Cir. 2008).

### IV. ANALYSIS

Officer Bare moves to dismiss Plaintiff's claims because they are barred by the statute of limitations. The Court agrees.

Section 1983 has a two-year statute of limitations in Illinois. Woods v. Ill. Dep't of Children & Family Servs., 710 F.3d 762, 768 (7th Cir. 2013).  Plaintiff alleges that the physical injury occurred on July 2, 2011.  Therefore, Plaintiff's § 1983 excessive force claim filed in September 2016 is barred by the statute of limitations.  See Terry v. Chi. Police Dep't, --- F. Supp. 3d ---, 2016 WL 4091619, at *3 (N.D. Ill. Aug. 2, 2016) (§ 1983 excessive force claim accrued when the plaintiff was injured).

Plaintiff alleges that he was denied necessary medical treatment while in the custody of Officer Bare and Sheriff Fair and

that Defendants conspired to violate Plaintiff's civil rights. The Cass County Circuit Court's records show that Plaintiff was no longer in the custody of Defendants by approximately September 1, 2011, when Plaintiff pleaded guilty and was sentenced to three years' imprisonment in the Illinois Department of Corrections. Therefore, even if the Court treated Plaintiff's claims as alleging some sort of continuing violation, Plaintiff's claims accrued upon Plaintiff's release from Defendants' custody in approximately September 2011. See, e.g., Heard v. Sheahan, 253 F.3d 316, 318 (7th Cir. 2001) (finding that a deliberate indifference claim accrues upon receipt of the requested treatment or the prisoner's departure from the place where he has been continuously refused treatment); Jervis v. Mitcheff, 258 F. App'x 3, 5-6 (7th Cir. 2007) ("Deliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released"). Plaintiff did not file suit until September 14, 2016. Consequently, Plaintiff's § 1983 claims are clearly barred by the statute of limitations.

Plaintiff also brings a state-law civil action for damages against Defendants. The statute of limitations for a civil action for damages against a local entity or one of its employees is one year. See 745 ILCS 10/8-101(a) (generally providing that a civil action against a local entity or any of its employees must be commenced within one year from the date the injury was received or the cause of action accrued subject to exceptions for causes of action arising out of patient care); Harrell v. Sheahan, 937 F. Supp. 754, 757-58 (N.D. Ill. 1996) (finding the plaintiff's state law false imprisonment claim against the Sheriff of Cook County was barred by the one-year statute of limitation contained in 745 ILCS 10/8-101). Therefore, the state law cause of action is also time-barred.

Sheriff Fair has not filed a motion to dismiss. However, when a plaintiff is permitted to proceed in forma pauperis, the Court must dismiss the cause of action if, at any time, the Court determines that the action is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); Walker v. Thompson, 288 F. 3d 1005, 1009-10 (7th Cir. 2002) (noting that the suit can be regarded as frivolous when the existence of a valid affirmative defense is apparent from the face of the complaint, giving as an example a personal-injury

suit filed 100 years after the date of the injury stated in the complaint). Because Plaintiff's claims are clearly barred by the statute of limitations, the Court dismisses the case.

### V. CONCLUSION

For the reasons stated, Officer Bare's Motion to Dismiss (d/e 12) is GRANTED. Plaintiff's Complaint is DISMISSED with prejudice against both Defendants. THIS CASE IS CLOSED.

ENTER: January 3, 2017

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE